# SYLLABI

## No. 136

No. 19679—David Atkins v. The State of Ohio. Error to the Court of Appeals of Stark County. (On rehearing.)

480. EVIDENCE—Supreme Court will not ordinarily review on weight of evidence, but in criminal case which requires a greater quality of proof than preponderance, the court will determine whether lower court disregarded this rule.

308. CONVICTION—For killing railroad policeman under Sec. 12402 GC. will be sustained although officer did not have badge where accused knew him to be such.

803. MURDER—Where one rides unlawfully on train, railroad police may pursue same onto private property and to resist officer, resulting in knowingly killing him, constitutes murder under statute.

1162. TESTIMONY—Refusal to grant interview made to trial court for counsel for accused to see witnesses held in jail which application does not ask permission to interview in front of some one designated by court, is not error when testimony of such witnesses was in knowledge of accused and would be merely cumulative.

1273. WITNESSES—Counsel can interview companions of accused who by Sec. 1365 GC. are being held in jail as witnesses in presence of sheriff or one designated by court.

MARSHALL, C. J.

1. Ordinarily this court will not consider the mere weight of evidence on review of the record of a trial below, yet, this case being one where the law requires a higher quality and a greater quantity of evidence than is required in ordinary cases where a verdict is supported by a preponderance of the proof, this court will look to the record to ascertain whether or not the rule has been disregarded.

2. In a conviction of murder under section 12402—1, General Code, for killing a railroad policeman, the conviction will be sustained, though it does not affirmatively appear that the officer was at the time wearing a metallic shield with the word "Police," and the name of the railroad for which he was appointed inscribed thereon, where it appears that the accused knew that the deceased was in fact a railroad policeman.

3. A railroad policeman, who observes parties leaving a train upon which they have been unlawfully riding, is authorized to pursue such parties upon private premises and to make an arrest upon such private premises, and resistance on the part of such parties, resulting in knowingly killing the policeman, constitutes murder under said statute.

4. A refusal to grant an application made to a trial court to permit counsel for the accused to interview the companions of the accused who are then being held in jail as witnesses, which application does not request permission to interview the said witnesses in the presence of some one designated by the court, is not prejudicial when the testimony which it is claimed would have been developed by inter-viewing the witnesses was within the knowledge of the accused himself, and the additional testimony sought would have been cumulative to testimony adduced.

5. Counsel for the accused are entitled to interview companions of the accused who by virtue of Section 13635, General Code, are being held in jail as witnesses, in the presence of the sheriff, or some one designated by the court.

Judgment affirmed.

Day, Allen and Kinkade, JJ., concur. Robinson and Matthias, JJ., dissent.

# Weekly Abstract of PENDING CASES

EXPLANATION. The following statements, synopsizing cases recently docketed in the Supreme Court, were prepared by our editors, from the recitals, arguments, etc., appearing in the Motion to Certify, Briefs and other papers filed therewith.

It should be borne in mind that the Pending cases are, as yet, undecided, and the results merely problematical. They are published in the Abstract, premonitorially, to acquaint the Bar with the issues in them, and to confront the lawyers with knowledge that, as an authority, they, and former decision in the case, will be unsettled, until a final decision is made.

Consult the weekly Concordance closely, to ascertain the dispositions finally made of the cases by the higher courts.

For meaning of Abreviations, See Ternary Digest, page XII.

## No. 137
### LEVITZ v. YOUNGSTOWN
No. 20193, 20260. Supreme Court

829. NEGLIGENCE—Can an infant recover for injuries received while riding in her father's car even though the father might be guilty of negligence; if the other party was also negligent?

801. MUNICIPAL LAW—Is a city employe when driving a city truck to pick up men to lay fire hydrants acting in a governmental or ministerial capacity?

Mildred Levitz by her next friend H. Levitz filed her petition in the Mahoning Common Pleas to recover for alleged injuries received while riding with her father. Her father's machine collided with a city truck which was being driven by an employee of the city. It was admitted that the employee was in the to pick up some men to take them to repair regular pursuit of his duties being on his way fire hydrants. The trial resulted in a verdict of $1500 for Levitz which was reversed in the Court of Appeals.

Levitz contends in the Supreme Court:

1. Since Levitz was an infant and riding with her father, she would neither be guilty of imputed negligence even though it could be proved that her father was guilty of negligence, nor could she be guilty of contributory negligence, the chief concern is with the negligence of the city employee.

2. If the city employee was performing a ministerial duty in calling for men to lay fire hydrants, then Levitz is entitled to the judgment of the Common Pleas Court.

Attorneys—Beckerman & Felsman, Cleveland, for Levitz; W. E. Lewis and Carlyle & George, Youngstown, for City.